United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>LAURA SELENE RIOS FLORES,<br>Defendant. | Case No. 17-cr-00321-BLF-1<br><br>**ORDER GRANTING DEFENDANT'S MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE**<br><br>[Re: ECF 56] |

Defendant Laura Selene Rios Flores ("Flores") has filed a motion for early termination of supervised release. *See* Mot., ECF 56. At the request of the Court, Plaintiff United States of America ("the Government") and the U.S. Probation Office ("Probation") have filed responses to the motion. The Government "takes no position" on the motion, *see* Gov't Resp., ECF 59, and Probation "has no objections to the early termination" of Flores' supervised release, *see* Probation Letter, ECF 60. No hearing is required on Flores' motion and the Court finds that the motion is appropriate for disposition without oral argument. *See* Fed. R. Crim. P. 32.1(c)(2) (no hearing required before modifying conditions of supervised release where relief sought is favorable to defendant and does not extend term of supervised release, and government receives notice of relief sought and does not object). The motion is GRANTED for the reasons set forth below.

On October 23, 2018, Flores pled guilty to Counts 1 and 2 of the Indictment, False Statement in Application for Passport in violation of 18 U.S.C. § 1542 (Count 1) and Use of Passport Secured by False Statement in violation of 18 U.S.C. § 1542 (Count 2). *See* Minute Entry, ECF 46. She was sentenced to a nine-month term of imprisonment followed by a three-year term of supervised release, and was ordered to pay a $200 monetary penalty. *See* Judgment, ECF 52. Flores was released from prison on March 4, 2020. *See* Probation Letter.

Probation reports that Flores has completed approximately two years and four months of her three-year term of supervised release. *See* Probation Letter. She is forty-four years old and has maintained a stable residence and full-time employment. *See id.* She paid her monetary penalty soon after being placed on supervision and has been responsive to requests from Probation. *See id.* Flores has been compliant with all conditions of supervision, and there are no identifiable issues or circumstances that require further monitoring or assistance from Probation. *See id.* There is no evidence to suggest that Flores has engaged in criminal activity during supervision. *See id.* Flores states in her motion that she works at Vertex Leadership Development, Inc., and she supervises insurance license agents in all fifty states to make sure they are compliant with insurance companies. *See* Mot. at 2, ECF 56. She also states that she would like to apply for a California license to sell insurance, but she has to be off of supervised release in order to apply.

A district court may, after considering a specified subset of the sentencing factors enumerated in 18 U.S.C. § 3553(a), "terminate a term of supervised release . . . at any time after the expiration of one year of supervised release . . . if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1). "The expansive phrases 'conduct of the defendant' and 'interest of justice' make clear that a district court enjoys discretion to consider a wide range of circumstances when determining whether to grant early termination." *United States v. Emmett*, 749 F.3d 817, 819 (9th Cir. 2014). The Ninth Circuit recently clarified in *Ponce* that the district court need not find undue hardship or exceptional circumstances to terminate supervised release. *See United States v. Ponce*, 22 F.4th 1045, 1047 (9th Cir. 2022).

The subset of sentencing factors identified in § 3583(e) as relevant to the decision whether to terminate supervised release include: "the nature and circumstances of the offense and the history and characteristics of the defendant," § 3553(a)(1); the need for the sentence "to afford adequate deterrence to criminal conduct," § 3553(a)(2)(B); the need for the sentence "to protect the public from further crimes of the defendant," § 3553(a)(2)(C); the need for the sentence "to provide the defendant with needed educational or vocational training, medical care, or other

2

correctional treatment in the most effective manner," § 3553(a)(2)(D); "the kinds of sentence and the sentencing range established for" similar offenses, § 3553(a)(4); "any pertinent policy statement" issued by the Sentencing Commission, § 3553(a)(5); "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct," § 3553(a)(6); and "the need to provide restitution to any victims of the offense," § 3553(a)(7). *See* 18 U.S.C. § 3583(e). The district court need not discuss every statutory factor, but it must provide an explanation for its ruling that is sufficient to permit meaningful appellate review. *See Emmett*, 749 F.3d at 821.

Several of these factors weigh heavily in favor of granting the current motion. While Flores's offenses were serious, she has served her full term of imprisonment and the majority of her term of supervised release. She has re-integrated into society, has complied with her conditions of supervision in all respects, and has not given any indication that she poses a risk to the community. Flores has maintained a stable residence and full-time employment, and she seeks termination of supervision so that she may increase her employment opportunities. Neither the Government nor Probation opposes Flores' motion. On this record, the Court finds that early termination of Flores' term of supervised release "is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1).

Accordingly, IT IS HEREBY ORDERED that Flores' motion for early termination of supervised release is GRANTED.

Dated: July 22, 2022

_____
BETH LABSON FREEMAN
United States District Judge